Heedong Chae (SBN: 263237)
Email: hdchae@ewpat.com
Chong Roh (SBN: 242437)
Email: croh@ewpat.com
**East West Law Group PC**
3600 Wilshire Blvd., STE. 702
Los Angeles, CA 90010
Phone: 213-387-3630
Fax: 213-788-3365

*Attorneys for Plaintiff,*
*Spigen, Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIGEN, INC., a California corporation, | CASE No.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR** |
| v. | **1. COPYRIGHT INFRINGEMENT;** |
| | **2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;** |
| SPIN CENTRAL CITY LLC, a New York limited liability company; SAIMA NADEEM, an individual; DOES 1 though 10, inclusive, | **3. TRADEMARK INFRINGEMENT; AND** |
| | **4. UNFAIR COMPETITION** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff SPIGEN, INC. (hereinafter referred to as "Plaintiff" or "SPIGEN"), for its Complaint against Defendants SPIN CENTRAL CITY LLC and SAIMA NADEEM (hereinafter collectively referred to as "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under copyright infringement and vicarious and/or contributory copyright infringement under the Copyright Act of 1976, Title 17

1 | U.S.C. § 101 *et seq.*, trademark infringement under 15 U.S.C. § 1114 *et seq.*, and
2 | unfair competition under Cal. Bus. & Prof. Code § 17200.
3 |   2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§
4 | 1331 and 1338(a) and (b). Pursuant to 28 U.S.C. § 1338(b), this Court has
5 | supplemental jurisdiction over Plaintiff's state law claims, insofar as those claims are
6 | joined with substantial and related claims under the Copyright Act and Lanham Act.
7 | This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a), in that all
8 | of Plaintiff's claims arise out of a common nucleus of facts.
9 |   3. This Court has personal jurisdiction over Defendants by virtue of their
10 | transacting, doing, and soliciting business in this District, and because a substantial
11 | part of the relevant events occurred in this District.
12 |   4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b),
13 | 1391(c), 1391(d), and 1400(b).

## PARTIES

15 |   5. Plaintiff, SPIGEN, INC. (hereinafter "Spigen" or "Plaintiff"), is a
16 | corporation organized and existing under the laws of the State of California, with its
17 | principal place of business at 9975 Toledo Way #100, Irvine, CA 92618.
18 |   6. Plaintiff is informed and believes, and thereon alleges, that defendant,
19 | SPIN CENTRAL CITY LLC ("SCC") is a limited liability company organized and
20 | existing under the laws of the State of New York.
21 |   7. Plaintiff is informed and believes, and thereon alleges, that defendant,
22 | SAIMA NADEEM ("NADEEM") ("SCC" and "NADEEM" hereinafter collectively
23 | referred to as "Defendants") is an individual, residing at 574 N. 24th street 10D,
24 | Rogers, AR 72756.
25 |   8. Plaintiff is unaware of the true names and capacities, whether
26 | individual, corporate, or otherwise, of the Defendants named herein as Does 1
27 | through 10, inclusive, but is informed and believes, and thereon alleges, that each of
28 | the fictitiously named defendants engaged in, or is in some manner responsible for,

the wrongful conduct alleged herein. Plaintiff therefore sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff is a leading manufacturer of cell phone cases and well known for its quality products. Plaintiff has invested a great deal of time, money and effort in developing various cell phone cases and Plaintiff has spent substantial sums on marketing the cases and securing a number of intellectual property rights.

10. Plaintiff owns a number of copyrights for its cell phone cases. Plaintiff has applied for and received a number of United States Copyright Registrations for its product photos ("Copyrighted Photos").

11. Prior to the acts complained of herein, Plaintiff has sold cell phone cases using the Subject Photos to numerous parties and customers in the industry.

12. Plaintiff is the owner of the trademark "SPIGEN" (the "SPIGEN Mark") and has continuously used that trademark in connection with cell phone cases, et al. in commerce throughout the United States and the world since at least as early as 2011. In 2013, Plaintiff applied for federal registrations of the SPIGEN Mark with the United States Patent and Trademark Office (the "USPTO"), which registrations were issued to Plaintiff on June 17, 2014 (USPTO Registration Nos. 4551216 and 4551217 and in International Classes 009 and 035, including cell phone cases).

13. Defendant SPIN CENTRAL CITY LLC has sold a number of products on Sears.com and ShopYourWay.com under the seller name of "Spin Central City LLC".

14. Defendant SAIMA NADEEM has sold a number of products on Sears.com and ShopYourWay.com under the seller name of "OliveElect".

15. Plaintiff is informed and believes and thereon alleges that, following this distribution of the Spigen Cases and products bearing the SPIGEN MARK using the Copyrighted Photos, Defendants and DOE Defendants created, manufactured,

3

caused to be manufactured, imported, distributed, and/or sold cell phone cases using product photos (hereinafter "Subject Photos") without Plaintiff's authorization which are identical, or substantially similar, to Plaintiff's Copyrighted Photos.

16. Defendant SPIN CENTRAL CITY LLC has posted numerous product listings on Sears.com and ShopYourWay.com using the Subject Photos without Plaintiff's authorization which are identical, or substantially similar, to Plaintiff's Copyrighted Photos. *See* Exhibit "A" for examples of the infringing Subject Photos by Defendant SPIN CENTRAL CITY LLC.

17. Defendant SAIMA NADEEM has posted a number of product listings on Sears.com and ShopYourWay.com using the Subject Photos without Plaintiff's authorization which are identical, or substantially similar, to Plaintiff's Copyrighted Photos. *See* Exhibit "B" for examples of the infringing Subject Photos by Defendant SAIMA NADEEM.

18. Without Plaintiff's permission or authorization, Defendant SPIN CENTRAL CITY LLC has posted and sold a number of product listings bearing the mark "SPIGEN" on Sears.com and ShopYourWay.com for the purpose of selling its infringing products and sales revenue has been generated through sales of the infringing products. *See* Exhibit "C" for examples of the infringing listings by Defendant SPIN CENTRAL CITY LLC.

19. Defendant CENTRAL CITY LLC' infringing listings and Plaintiff's infringed copyright registration numbers are set forth in Exhibit "D".

20. Defendant SAIMA NADEEM's infringing listings and Plaintiff's infringed copyright registration numbers are set forth in Exhibit "E".

21. Defendants' infringing listings are numerous and thus, their acts constitute nothing but willful infringements of Plaintiff's copyrights and trademark.

**FIRST CLAIM FOR RELIEF**
(For Copyright Infringements of the Copyrighted Photos – against all Defendants)

22. Plaintiff incorporates herein by reference all the allegations of

paragraphs 1 through 21, inclusive.

23. Plaintiff is informed and believes and thereon alleges that Defendants and DOE Defendants had access to Plaintiff's cell phone cases and the Spigen Cases distributed on the market, including access to its Copyrighted Photos.

24. Plaintiff is informed and believes and thereon alleges that Defendants and DOE Defendants infringed Plaintiff's Copyrighted Photos by creating, making and/or developing directly infringing and/or derivative works from the Copyrighted Photos and by producing, distributing and/or selling cell phone cases using product photos which infringe the Copyrighted Photos. Defendants' product photos are identical to or at least substantially similar to Plaintiff's Copyrighted Photos as shown in Exhibits "A" and "B".

25. Defendants' infringing listings and Plaintiff's infringed copyright registration numbers are set forth in Exhibits "D" and "E".

26. Due to Defendants and DOE Defendants' acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

27. Due to Defendants and DOE Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants and DOE Defendants' acts of copyright infringement as alleged herein, Defendant has obtained profits they would not otherwise have realized but for their infringements of the Copyrighted Photos.

29. Plaintiff is informed and believes and thereon alleges that the infringements of its Copyrighted Photos were willful, reckless, and/or in blatant disregard for its rights as a copyright holder such that a finding of willful copyright infringement is warranted, subjecting Defendants and DOE Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringements of

1                     the Copyrighted Photos – against all Defendants)

2       30.     Plaintiff incorporates herein by reference all the allegations of
3 paragraphs 1 through 29, inclusive.
4       31.     Plaintiff is informed and believes and thereon alleges that Defendants
5 and DOE Defendants knowingly induced, participated in, aided and abetted in and
6 profited from the illegal reproduction and/or subsequent sales of the infringing
7 product photos identical to the Copyrighted Photos as alleged herein.
8       32.     Defendants' infringing listings and Plaintiff's infringed copyright
9 registration numbers are set forth in Exhibits "D" and "E".
10      33.     Plaintiff is informed and believes and thereon alleges that Defendants
11 and DOE Defendants are vicariously liable for the infringement alleged herein
12 because they had the right and ability to supervise the infringing conducts and
13 because they had a direct financial interest in the infringing conducts.
14      34.     By reason of the Defendants and DOE Defendants' acts of contributory
15 and vicarious infringement as alleged above, Plaintiff has suffered and will continue
16 to suffer substantial damages to its business in an amount to be established at trial, as
17 well as additional general and special damages in an amount to be established at trial.
18      35.     Due to Defendants and DOE Defendants' acts of copyright infringement
19 as alleged herein, Defendants and DOE Defendants have obtained direct and indirect
20 profits they would not otherwise have realized but for their infringement of the
21 Copyrighted Photos. As such, Plaintiff is entitled to disgorgement of Defendants and
22 DOE Defendants' profits directly and indirectly attributable to the infringement of
23 the Copyrighted Photos, in an amount to be established at trial.
24      36.     Plaintiff is informed and believes and thereon alleges that Defendants
25 and DOE Defendants have committed acts of copyright infringement, as alleged
26 above, which were willful, intentional and malicious, which further subjects
27 Defendants and DOE Defendants to liability for statutory damages under Section
28 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars

1  ($150,000) per infringement.

## THIRD CLAIM FOR RELIEF

(For Trademark Infringements of the SPIGEN Mark – 15 U.S.C. § 1114 – against Defendant SPIN CENTRAL CITY LLC)

37. Plaintiff incorporates herein by reference all the allegations of paragraphs 1 through 36, inclusive.

38. Plaintiff is the owner of the federally registered marks for the SPIGEN Marks and has expended an enormous amount of time, effort and expense to promote Plaintiff's products in connection with the marks.

39. Defendant SPIN CENTRAL CITY LLC and DOE Defendants' intentional, unauthorized use of the SPIGEN Marks is likely to confuse the consumers into believing Defendant's products and the marketing and promotion thereof are endorsed, sponsored and/or authorized by Plaintiff.

40. Defendant SPIN CENTRAL CITY LLC and DOE Defendants' acts constitute trademark infringements under 15 U.S.C. § 1114.

41. As a proximate result of Defendant SPIN CENTRAL CITY LLC and DOE Defendants' wrongful conducts, Plaintiff is entitled to recover Defendants' profits and Plaintiffs damages, which may be trebled, as well as costs of this action pursuant to 15 U.S.C. § 1117(a). In addition, Defendant SPIN CENTRAL CITY LLC and DOE Defendants' willful and unlawful conducts render this case to be exceptional and thus, Plaintiff is entitled to recover its attorney's fees under 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF

(For State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200 – against Defendant SPIN CENTRAL CITY LLC)

42. Plaintiff incorporates herein by reference all the allegations of paragraphs 1 through 41, inclusive.

43. Defendant SPIN CENTRAL CITY LLC and DOE Defendants'

7

wrongful actions hereinabove alleged constitute unfair competition and unfair business practices under California Business & Professions Code § 17200 et seq.

44. Defendant SPIN CENTRAL CITY LLC and DOE Defendants' intentional and wrongful activities have caused and will continue to cause Plaintiff irreparable harm, for which Plaintiff has no adequate remedy at law, entitling Plaintiff to preliminary and permanent injunctive relief. Plaintiff is also entitled to an award of restitution to the fullest extent of the law.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff prays for relief as follows:

1. For ordering Defendant SPIN CENTRAL CITY LLC to deliver to counsel for Plaintiff for destruction all infringing products;

2. For compensatory damages in an amount to be determined upon proof at trial;

3. For disgorgement of profits and restoration of amounts by which Defendants were unjustly enriched;

4. For an award of all profits of Defendants plus all losses of Plaintiff, in an amount to be determined at trial;

5. For an injunctive relief prohibiting Defendants from infringing Plaintiff's copyrights in any manner;

6. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff as a result of the conduct alleged herein;

7. For granting Plaintiff an award of three times its compensatory damages or Defendants' profits, whichever is greater pursuant to 15 U.S.C. § 1117;

8. For statutory damages as available under the Copyright Act if elected before final judgment;

9. For costs of suit including reasonable attorney's fees, as provided by the Copyright Act;

8

10. For prejudgment interest as provided by law; and

11. For such other and further relief as the Court deems just and proper.

Dated: July 13, 2015

Respectfully submitted,

East West Law Group

By: /s/ Heedong Chae
    HeeDong Chae
    Chong Roh
    Attorneys for Plaintiff
    Spigen, Inc.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 13, 2015            East West Law Group


                                          By: /s/ Heedong Chae
                                                 HeeDong Chae
                                                 Chong Roh
                                                 Attorneys for Plaintiff
                                                 Spigen, Inc.